## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALTON E. PACE,

       Petitioner,

v.                                 CASE NO: 8:11-CV-1363-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

       Respondent(s).

_____/

## ORDER

Petitioner, Alton E. Pace, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #12) and Pace's reply (Dkt. #29). Upon review, the Court determines that the petition must be denied because Pace's claims are procedurally barred or fail on the merits.

## BACKGROUND

Pace entered an open plea of guilty to Attempted Murder in the First Degree (count one), Attempted Burglary of a Dwelling (count two), Aggravated Assault with a Firearm (count three), and Criminal Mischief (count four) on February 21, 2000. The sentencing court sentenced Pace to 20 years in prison followed by ten years probation on count one, 20 years in prison with a three year minimum mandatory followed by ten

years probation on count two, five years in prison on count three, and time served on count four, with all sentences to run concurrently.

At the sentencing hearing, the court noted that Pace's guideline range was 9.9 to 16.5 years, but it expressly warned Pace that an open plea leaves the sentencing decision up to the court and that the sentence could be more or less than the guideline range. After hearing the facts of the case and the victim's statement, the sentencing court gave Pace a sentence above the guideline range. The sentencing court gave the following reasons for the upward departure sentence:

**One:**     Offense created substantial risk of death or great bodily harm to many persons or to one or more small children.

**Two:**     Victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty.

**Three:**     Victim was physically attacked by the defendant in the presence of one or more members of the victim's family.

**Four:**     Offense involved multiple victims or multiple incidents per victim.

On direct appeal, Pace, represented by counsel, attacked the legality of the upward departure sentence. Pace argued that the reasons for departure were unsupported by competent evidence, already factored into the sentencing guidelines, or only applicable to economic crimes. The appellate court per curiam affirmed the sentence on November 2, 2001. Pace's motion for rehearing was denied on December 13, 2001.

On April 8, 2002, Pace filed a pro se petition alleging ineffective assistance of appellate counsel. Pace claimed that his appellate counsel was ineffective for failing to

file and argue a rule 3.800 motion in order to preserve for review issues not covered by his trial counsel at the sentencing hearing. The appellate court denied the petition on October 28, 2002. Rehearing was denied on December 10, 2002.

Pace delivered a *pro se* motion for post conviction relief to prison officials for mailing on April 25, 2003. After the motion was summarily denied in part, Pace filed a *pro se* amended motion for post conviction relief. Pace's motion for post conviction relief, along with his amended motion, raised the claim that his trial counsel rendered ineffective assistance by:

**Ground A:**  Failing to object to, and preserve for review, the unsworn statements made by the victim and State, which was used as the sole evidence to support an upward departure sentence;

**Ground B:**  Failing to conduct an adequate pretrial investigation; to interview, depose, and call witnesses; and to present testimony and documentation at sentencing hearing that would have refuted the victim's and State's version of events;

**Ground C:**  Misadvising Pace concerning the plea during pre-trial hearings and at the sentencing hearing; and

**Ground D:**  Failing to object to the reasons given to support the upward departure sentence, thereby preventing review on direct appeal.

Prior to the evidentiary hearing, Pace also filed a motion for post conviction relief based on newly discovered evidence, seeking to withdraw his plea.

After conducting an evidentiary hearing on November 15, 2004, the postconviction court denied the remaining aspects of Pace's original motion. Additional orders denying the amended motion and the motion based on newly discovered evidence followed on May 9, 2005, and October 3, 2005, respectively. Rehearing was denied and Pace appeal.

Pace filed another motion for post conviction relief on November 14, 2005, claiming that his former trial counsel's testimony at the evidentiary hearing was fraudulent. This motion was denied on February 7, 2006. After denial of rehearing, Pace appealed.

The state appellate court affirmed, per curiam, the denial of all of Pace's motions for post conviction relief on December 19, 2007. The mandate issued February 14, 2008.

That same day, Pace constructively filed a *pro se* rule 3.800 motion to correct illegal sentence claiming that the trial court erred by exceeding the maximum guideline sentence based on reasons not admitted by the defendant or found by a jury, and by sentencing the defendant based on an incorrect scoresheet. Pace's motion was denied on December 1, 2008. After rehearing was denied, Pace appealed. The state appellate court affirmed on April 13, 2011. Following denial of rehearing, the mandate issued on June 3, 2011.

Pace delivered the present petition to prison officials for mailing on June 16, 2011.

### **STANDARD OF REVIEW**

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective as of April 24, 1996, "a district court shall

entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The Supreme Court has cautioned that § 2254 does not make federal courts "forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

Where a state court initially considers the issues raised in the petition and enters a decision on the merits, Section 2254(d) governs the review of those claims. *Price v. Vincent*, 538 U.S. 634, 638 (2003). A federal court may grant a § 2254 petition only if (1) the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See Price v. Vincent*, 538 U.S. at 638-39; *Maharaj v. Sec'y for the Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

In *Putnam v. Head*, 268 F.3d 1223 (11th Cir. 2001), the Eleventh Circuit discussed the meaning of the "contrary to" and "unreasonable application" clauses of § 2254(d)(1):

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case.

*Putnam*, 268 F.3d at 1241.

Section 2254 establishes a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). If a federal court concludes that a state court applied federal law incorrectly, it may grant habeas relief only if that application was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). Even when a state court decision is not accompanied by an explanation, the petitioner's burden "must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). Moreover, a state court's factual findings shall be presumed correct, and the habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998)

("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Counsel is not ineffective for failing to raise a nonmeritorious claim. *Diaz v. Secretary for the Dept. of Corrections*, 402 F.3d 1136 (11th Cir. 2005).

The Supreme Court recently observed that "surmounting *Strickland*'s high bar is never an easy task," and review under the AEDPA is doubly deferential. *Harrignton*, 131 S.Ct. at 787. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 788.

## DISCUSSION

### Timeliness:

Pace's petition is timely pursuant to the one-year limitation period of 28 U.S.C. § 2244(d)(1), as amended by AEDPA. According to AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. However, the limitation period does not include "the time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Pace's convictions were affirmed by the state appellate court on December 13, 2001. He then had 90 days to seek review in the United States Supreme Court. Pace's 90 days ended on March 13, 2002.

A period of 32 days elapsed before Pace tolled the limitation period by filing his *pro se* petition alleging ineffective assistance of counsel on April 15, 2002. This petition was denied. It remained pending until denial of rehearing on December 10, 2002.

After the denial of rehearing, there was a period of 135 days before Pace tolled the limitation period by constructively filing his first *pro se* rule 3.850 motion for post conviction relief on April 25, 2003. The motion, as well as Pace's amended rule 3.850 motion and supplement, were pending until the mandate issued in the ensuing collateral appeal on February 14, 2008. That day, Pace properly filed a *pro se* rule 3.800 motion to correct illegal sentence. The statutory tolling continued until the mandate issued on his rule 3.800 appeal on June 3, 2011.

An additional period of 12 days passed until Pace constructively filed this petition for writ of habeas corpus dated June 16, 2011. Because less than a year has elapsed, the instant petition is timely filed.

**Ground One:**        Appellate counsel rendered ineffective assistance by failing to preserve and argue due process violations.

In support of ground one, Pace argues that his appellate counsel was ineffective for not filing a rule 3.800(b) motion to correct sentencing error in order to preserve, and then raise on appeal, claims of due process deprivations. Pace claims that the sentencing court failed to place witnesses under oath, allow cross-examination, and orally pronounce the reasons for departure from the state's sentencing guidelines.

First, ground one is procedurally barred as unexhausted. "[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992). In order to exhaust an allegation of ineffective assistance, Pace must have presented those allegations in the state courts "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal quotation marks omitted) (noting that it is insufficient even if "all the facts necessary to support the claim were before the state courts or [...] a somewhat similar state-law claim was made").

In his rule 9.141 petition alleging ineffective assistance of appellate counsel, Pace did not present the state court with the due process claim that he presents here. In the state petition, Pace alleged his appellate counsel was ineffective for not filing a rule

3.800(b) motion arguing that the statements relied on to impose his departure sentence were unsworn, the reasons were invalid, the reasons were not orally articulated, and there was insufficient evidence to impose restitution. Petition for Belated Appeal (Dkt. #12, Ex. 2A), p. 8. Pace did not, however, claim that his appellate counsel was ineffective for failing to contend in a rule 3.800(b) motion, and then argue on appeal, that Pace was denied constitutional due process at his sentencing. Pace's arguments in his petition rely on state law opinions and he fails to mention, let alone cite any opinions concerning, due process under the federal Constitution.

Pace's ground, and any cause allegation, is now barred by the two-year limitation of 9.141(c) and the state's successive petition and law of the case doctrines. *See Isley v. State*, 652 So.2d 409 (Fla. 5th DCA 1995) (bar to successive claims which were or could have been raised previously under doctrines of res judicata and law of the case applies equally to petitions for habeas corpus). Not showing cause, Pace cannot avoid his default. *See Engle v. Isaac*, 456 U.S. 107, 135 (1982). Therefore, review of ground one is foreclosed by his procedural default.

Even if it were not procedurally barred, Pace's claim in ground one would be denied on the merits. Pace is unable to show that his appellate counsel performed deficiently in not raising the omitted issues. Appellate counsel does not perform deficiently for failing to argue every non-frivolous ground for appeal. *Hargrove v. Solomon*, 227 Fed. Appx. 806, 808 (11th Cir. 2007) (citing *Smith v. Murray*, 477 U.S. 527, 536 (1986)). In fact, "winnowing out" weaker arguments on appeal, in order to focus on grounds that are more likely to prevail, is the 'hallmark of effective appellate

advocacy." *Id.* at 808. The decision by Pace's appellate counsel to not pursue a rule 3.800(b) motion on these issues does not fall outside the range of professionally competent assistance as required by *Strickland*.

Furthermore, Pace cannot show that his appellate counsel's performance caused him any prejudice. To show prejudice, Pace must demonstrate a reasonable probability that the outcome of the appeal would have been different if his counsel had performed differently.

The state court did not find Pace's underlying complaints meritorious. Moreover, Pace does not have a constitutional right to subject witnesses at sentencing to cross-examination. *See United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2007) (noting a distinction between trial rights and sentencing proceedings, and that "[t]he right to confrontation is not a sentencing right"). It is, therefore, reasonable to conclude that had Pace's appellate counsel acted as Pace proposes, a different outcome was not reasonably likely. Accordingly, this ground fails.

**Ground Two:**    Trial counsel rendered ineffective assistance by failing to object to and preserve for review the unsworn statements made by the victim and the State, which were used as the sole evidence to support an upward departure in sentencing.

In support of ground two, Pace argues that he told his attorney that the statements by the victim and the State were not true and that there were conflicting reports by the police and FDLE. Pace contends that counsel's failure to object left the court to hear false statements and accept them as true. Pace also asserts that the statements were the sole evidence used to support an upward departure in sentencing.

In Pace's first rule 3.850 motion for post conviction relief, Pace raised this claim. The state court summarily denied this argument before holding an evidentiary hearing for other grounds. The state post conviction court found that, based on the record, the victim's unsworn statements were not the sole basis for Pace's upward departure sentence. Order Denying, in Part, Motion for Post Conviction Relief and Order to Respond (Dkt. #12, Ex. 3B), p. 2. According to the post conviction court, Pace failed to meet the prejudice prong of the *Strickland* test because the sentencing court had other valid reasons for imposition of a departure sentence.

Pace does not show that there was any reasonable probability of a different outcome had his trial counsel objected to the victim's unsworn statements. Independent of the victim's statements, the sentencing court had evidence supporting a finding that the victim was treated with particular cruelty, shot at least three times, and suffered extraordinary physical or emotional trauma or permanent physical injury. Based on the facts, the state court's decision to deny post conviction relief on this ground is not contrary to or an unreasonable application of clearly established federal law. Accordingly, this ground fails.

**Ground Three:**   Trial counsel rendered ineffective assistance by failing to investigate, depose or call witnesses, or present documentation to refute the victim's and State's version of events.

In support of ground three, Pace argues that his trial counsel failed to investigate or call witnesses who would have refuted the evidence that the court relied on for the upward departure in sentencing.

Pace's trial counsel did not perform deficiently. The state post conviction court found that while his trial counsel wanted to depose the children, neither Pace nor the victim wanted the children deposed, and Pace's counsel respected that wish. Order Denying Motion for Post Conviction Relief (Dkt. #12, Ex. 3K), p. 2. Pace has not presented clear and convincing evidence to overcome the presumption that these factual findings are correct. Therefore, it was reasonable for the state court to determine that counsel's decision to not call the children does not rise to the level of ineffective assistance of counsel.

Nor has Pace overcome the presumption that his counsel's decisions regarding other potential witnesses fell within the wide range of professionally competent assistance. Determining which witnesses, if any, to call is a strategic decision, and it is one that courts will seldom, if ever, second-guess. *Rhode v. Hall*, 582 F.3d 1273, 1284 (11th Cir. 2009) (per curiam), citing *Water v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc). At the evidentiary hearing, Pace's counsel testified that the witnesses Pace claims would have helped his case were either uncooperative or unavailable. Pace's counsel is not deficient for deciding not to call uncooperative witnesses.

In addition, the state court found that the sentencing transcript contradicts Pace's allegation that his trial counsel failed to present any counter evidence at the sentencing hearing. Order Denying Motion for Post Conviction Relief (Dkt. #12, Ex. 3K), p. 3. Although Pace may argue that more counter evidence should have been presented, a reasonably competent attorney could conclude that arguing further about the events of the

shooting might weaken Pace's mitigation argument based on remorse and acceptance of responsibility. Therefore, it was reasonable for the state court to deny relief.

Pace also fails to show that he was prejudiced by his counsel's actions. Pace did not dispute that he armed himself, broke through the door of the victim's residence, and shot her multiple times. Even if counsel had further disputed the State's version of events it is not reasonably probable that there would have been a different sentencing outcome.

The state court's decision to deny post conviction relief is not contrary to or an unreasonable application of clearly established federal law. Accordingly, this ground fails.

**Ground Four:**   Trial counsel rendered ineffective assistance by misadvising the defendant concerning plea consequences.

In support of ground four, Pace argues that his counsel's advice to reject a plea offer for 14 years resulted in a sentence of 20 years being imposed. Pace claims that if his counsel had not misadvised him, Pace would have proceeded to trial.

Pace's claim in ground four is unexhausted and procedurally barred because Pace did not raise this ground on collateral appeal after the post conviction court denied his claims. In Florida, a petitioner is considered to have abandoned claims which appellate counsel did not brief with specific argument thereon. *Simmons v. State*, 934 So.2d 1100, 1111 n. 12 (Fla. 2006), citing *Coolen v. State*, 696 So.2d 738, 742 n.2 (Fla. 1997). "Merely making references to arguments in lower court without further elucidation" is not enough to preserve issues, and such claims are deemed waived. *Duest v. Dugger*, 555 So. 2d 849, 852 (Fla. 1990).

In an appeal from the summary denial of a Rule 3.850 motion without an evidentiary hearing, no briefs or oral arguments are required. Fla.R.App.P. 9.141(b)(2)(C). Pace's post conviction appeal, however, followed an evidentiary hearing on the issues presented in this ground and in ground three. Therefore, Pace was required to brief this ground. *See Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *Cortes v. Gladish*, 216 Fed.Appx. 897, 899-900 (11th Cir. 2007); Fla.R.App.P. 9.141(b)(3)(C). Because Pace's counsel did not brief this ground in his post conviction appeal, Pace waived or abandoned it.

Any allegation of cause is now procedurally barred by the two-year limitation of rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir. 1990), and the state's successive petition bar. *See Vining v. State*, 827 So. 2d 201, 213 (Fla. 2002). Not showing cause, Pace cannot avoid default on this ground. *See Engle v. Isaac*, 456 U.S. 107, 135 (1982).

Even if this ground were not procedurally barred, Pace fails to show that his counsel performed deficiently or that his counsel's performance caused him prejudice. The state post conviction court found that there is no evidence that Pace's counsel misadvised Pace to plea against his wishes. Order Denying Motion for Post Conviction Relief (Dkt. #12, Ex. 3K), p. 4. The court further noted that Pace was not harmed by his counsel's representation because the sentencing court stated it likely would have rejected the previous 14-year plea offer once it heard the facts of the case.

The state court's decision to deny post conviction relief is not contrary to or an unreasonable application of clearly established federal law. Accordingly, this ground fails.

**<u>Ground Five:</u>**     Trial counsel rendered ineffective assistance by failing to object to the reasons given to support the upward departure from the state's sentencing guidelines.

In support of ground five, Pace argues that his counsel was ineffective for not objecting to reasons given to support the upward departure in sentencing and failing to preserve the issue for appeal.

The state postconviction court decision denying this ground was not contrary to or an unreasonable application of federal law. In denying Pace's motion, the state court "adopt[ed] the State's Response and incorporate[d] the State's Response" in its order. Order Denying Amended Motion for Postconviction Relief (Dkt. #12, Ex. 3N), pp. 2-3. The State argued that Pace failed to demonstrate prejudice because the state appellate court on direct appeal "had, for its review, all pertinent arguments in regards to the lower court's decision to depart upward" when it affirmed Pace's sentence. State's Response with Attachments (Dkt. #12, Ex. 3 G), p. 1. The appellate court decided that Pace's upward departure sentence was supported by the reasons that the sentencing court gave. Pace cannot show that there was any reasonable probability of a different outcome had his trial counsel objected to those same reasons at sentencing.

The state decision to deny relief was based on a reasonable application of *Strickland* under either prong and a reasonable determination of the facts in light of the evidence. Accordingly, this ground fails.

**Ground Six:**          Motion for withdrawal of plea based on newly discovered evidence.

In support of ground six, Pace states: "[t]he victim and her children submitted affidavits which contradicted testimony given by the victim and State at [the] sentencing hearing and used as sole evidence to support reasons used as grounds for a[n] upward departure sentence." Petition (Dkt. #1), p. 19.

Pace fails to explain how the denial of his motion for withdrawal of plea constitutes a violation of his rights under the Constitution or is contrary to federal law. In his Reply, Pace "admits that he did not present a constitutional claim" in ground six, but he "requests this court to consider the motion and exhibits addressed in this ground as further proof of prejudice brought up previously in earlier grounds." Reply (Dkt. #29), pp. 31-32.

The Court has addressed Pace's other grounds and the information raised in this ground does not change the Court's other rulings.

**Ground Seven:**      Post conviction court erred in denying relief based on fraudulent testimony given by former trial counsel.

In support of ground seven, Pace argues that his trial counsel gave false testimony during the post conviction evidentiary hearing. According to Pace, the court erred when it denied him relief based on his former counsel's testimony.

Pace raised this claim in a second rule 3.850 motion for post conviction relief. At the post conviction evidentiary hearing, Pace's former counsel testified that he argued to the sentencing court that the victim was not shot eight times and her son was not in the room when she was shot. Pace alleges this testimony was fraudulent. The state court

opinion denying this second post conviction motion noted that the earlier post conviction court found the testimony credible after relying on the testimony presented at the evidentiary hearing and a review of the record. The second post conviction court found "no evidence that [counsel] perjured himself at the evidentiary hearing" and decided that Pace was not entitled to relief. Order Denying Motion for Post Conviction Relief (Dkt. #12, Ex. 4B). p. 3.

The court's denial was not contrary to or an unreasonable application of federal law, and Pace does not present sufficient evidence to overcome the presumption that the state court's factual findings are correct. The transcripts from the sentencing court (Record on Appeal, Dkt #12, Ex. 1A, Vol. IV) reveal that Pace's counsel called the court's attention to FDLE reports, explaining that they refute the claim of eight shots being fired. Counsel argued that the bullets in the gun were a type that exploded and fragmented after being fired and the shrapnel from the bullets caused the confusion about the number of shots fired. Pace's counsel further noted that Pace and the victim had spent the night before the incident together. Counsel told the court that there are discrepancies about who was present in the room while the victim was shot and noted that the defense seriously disputes the claim that the child was in the room. He further stated that Pace never wanted the children deposed and there was a desire to shield the children from depositions.

In addition, counsel contended that at trial there would have been an issue of whether the gun discharged while Pace and another person in the house struggled. Counsel also presented arguments about mitigating factors, including Pace's alcohol

addiction, his extreme remorse, the unsophisticated execution of the crime, and the need for restitution.

In light of the evidence presented in the state court proceedings, the state decision was not contrary to or an unreasonable application of federal law, and it was not based on an unreasonable determination of the facts. Accordingly, this ground fails.

**Ground Eight:**    Trial court erred by exceeding maximum guidelines sentence under Florida's sentencing guidelines based on reasons that were neither admitted by Pace nor found by a jury.

In support of ground eight, Pace argues that it was error for the trial court to base its upward departure in sentencing on reasons not admitted by Pace or found by a jury. Pace claims that the reasons for an upward departure were also not included in the indictment and information, or found by the trier of fact beyond a reasonable doubt.

In Pace's Reply, he states "[t]he petitioner claims that he was incorrect in his assertion that he was entitled to relief under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 403 (2004)." Reply (Dkt. #29), p. 34. The Court agrees that Pace's assertion is incorrect.

In 2000, the Supreme Court held that, other than a prior conviction, any fact used to increase a sentence above the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In 2004, after Pace's conviction became final, the Supreme Court defined the "statutory maximum" for *Apprendi* purposes as the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. *Blakely*, 542 U.S. at 303. In this way, *Blakely* clarified that, contrary to the pre-*Blakely*

understanding, "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts.

Federal habeas courts must deny relief when it is contingent upon a rule of law that was not clearly established at the time the conviction becomes final. *Williams v. Taylor*, 529 U.S. 362, 380 (2000). *Blakely* is not retroactively applicable on collateral review. *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004). Therefore, Pace is unable to avail himself of *Blakely*'s definition of "statutory maximum." Pace's sentence was not above the statutory maximum based on the pre-*Blakely* understanding of "statutory maximum." Accordingly, this ground fails.

**<u>Ground Nine:</u>**      Trial court erred by sentencing Pace based on an incorrect scoresheet.

In support of ground nine, Pace argues that the sentencing scoresheet had a prior conviction that should not have been scored. Pace claims the trial court erred when it sentenced him based on that incorrect scoresheet. He also claims that the trial court failed to follow proper rules when it did not orally announce the reasons for the upward departure in sentencing.

In his Reply, Pace "concedes this ground does not meet 2254 standards." Reply (Dkt. #29), p. 34.

Accordingly, this ground fails.

## <u>CONCLUSION</u>

It is therefore ORDERED AND ADJUDGED that:

1.      The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2.      The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA
PAUPERIS DENIED.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2011\11-cv-1363 deny 2254.docx